**SO ORDERED.**

**SIGNED this 15 day of June, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:

**TEDDY LEE BURNS,**

    **Debtor.**                                           **Case No. 07-01500-8-JRL**

_____

### ORDER

This case came before the court on a motion to dismiss and a motion for relief from stay, both filed by Western Capital Partners, LLC. On June 7, 2007, the court conducted a hearing on these matters in Wilson, North Carolina.

On April 24, 2007, the debtor filed for relief under chapter 13 of the Bankruptcy Code. The debtor owns real property located at 232 Virginia Road, Edenton, North Carolina. Western Capital Partners, LLC holds a note, which has an approximate balance of $2,740,353.55. The note in the original amount of $3,600,000 was signed by Mr. Burns and several other individuals on or about February 28, 2006. The note is secured by a lien on the debtor's 232 Virginia Road property. Mr. Burns now argues that he is not liable on the note. However, prior to Mr. Burns filing bankruptcy, the United States District Court for the Eastern District of Virginia granted

summary judgment against Mr. Burns with respect to his liability on the note.[1] <u>Western Capital Partners, LLC v. Brookhollow, LLC, et al.</u>, Civil No. 2:06cv590, at *16-17 (E.D. Va. April 19, 2007).

Section 109(e) provides, in relevant part, that "[o]nly an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $307,675 and noncontingent, liquidated, secured debts of less than $922,975. . . may be a debtor under chapter 13 of this title."11 U.S.C. § 109(e). Mr. Burns' petition lists the fair market value for the 232 Virginia Road property as approximately $350,000. Even if the property were to bring that amount at foreclosure and reduce the debt accordingly, the debtor is still liable to Western Capital Partners, LLC for an unsecured debt exceeding $2.3 million. Therefore, Mr. Burns' debts are clearly above the amount allowable for a chapter 13 debtor.

Based on the forgoing, Mr. Burns is not eligible to be a chapter 13 debtor under 11 U.S.C. § 109(e), and the motion to dismiss filed by Western Capital Partners, LLC is GRANTED. The motion for relief from the automatic stay is moot.

**"END OF DOCUMENT"**

---

[1] Since Mr. Burns' real property had not been sold, the proceeds had not been applied to the balance of the note. Therefore, the court reserved its ruling on the question of damages owed to Western Capital Partners, LLC until the precise amount of damages could be determined. <u>Western Capital Partners, LLC</u>, Civil No. 2:06cv590, at *16-17.